IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES BRANDON STROUSE, #15976-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:13cv43 |
| | § | CRIMINAL ACTION NO. 4:10cr77(1) |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Movant James Brandon Strouse filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging constitutional violations concerning his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On or about December 12, 2009, while Movant was in custody of the Federal Bureau of Prisons, he mailed at least eight letters through the United States Postal Service to Assistant United States Attorney Terri Hagan, United States District Judge Marcia A. Crone, and probation office personnel in which he threatened to kill them. AUSA Hagan and Judge Crone were involved in the prosecution and sentencing of Movant several months earlier for possession of sexually explicit visual depictions of minors. *See* Cause Number 4:09CR46.

Movant pleaded guilty pursuant to a written plea agreement to retaliatory threats against a federal official and mailing threatening communications, in violation of 18 U.S.C. § 115, § 876,

1

respectively. On May 26, 2011, the court sentenced Movant to 46 months' imprisonment, to run concurrently to each other, but consecutively to the undischarged term of imprisonment in the child pornography case, Cause Number 4:09cr46. The United States Court of Appeals for the Fifth Circuit affirmed Movant's conviction and sentence on April 10, 2012. *United States v. Strouse*, 476 F. App'x 552 (5th Cir. 2012).

Movant filed the instant § 2255 motion, asserting he is entitled to relief because he should have received a downward departure based on suffering from post traumatic stress disorder (PTSD) at the time he committed his crime.

## II. FEDERAL HABEAS CORPUS RELIEF

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

## III. PROCEDURAL DEFAULT

On direct appeal, Movant raised, among others, the same issues that he raises here. *See Strouse*, 476 F. App'x 552. The Fifth Circuit addressed and rejected Movant's claims. *Id*. It is well-settled that, absent countervailing equitable considerations, a § 2255 movant cannot relitigate issues raised and decided on direct appeal. *United States v. Rocha,* 109 F.3d 225, 299 (5th Cir. 1997);

*Withrow v. Williams*, 507 U.S. 680, 113 S. Ct. 1745, 123 L. Ed.2d 407 (1993). "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are [generally] not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). It is also well settled that a collateral challenge may not take the place of a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). Accordingly, if Movant raised or could have raised his constitutional or jurisdictional issues on direct appeal, he may not raise them on collateral review unless he first shows either cause for his procedural default and actual prejudice resulting from the error, or demonstrates that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. *Id*. at 232. The Fifth Circuit considered these issues and found them to be without merit. Movant cannot relitigate issues raised and decided on direct appeal. *Rocha,* 109 F.3d at 299; *Withrow*, 507 U.S. 680, 113 S. Ct. 1745. Thus, Movant's issues are procedurally barred. *Kalish*, 780 F.2d at 508*; Shaid*, 937 F.2d at 232.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that the court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very

issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the court find that Movant is not entitled to a certificate of appealability.

## V. RECOMMENDATION

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of

4

appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 10th day of February, 2016.**

*[signature]*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE